[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12958
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cr-00107-JB-MU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TESEAN RAYNARD JAMES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(January 15, 2021)

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Tesean Raynard James appeals his 18-month sentence following the district court's revocation of his supervised release. He argues that his sentence is substantively unreasonable. After review, we affirm.

In 2019, James pleaded guilty to conspiracy to possess marijuana with intent to distribute (Count 1), in violation of 21 U.S.C. § 846, and was sentenced to time served and three years of supervised release.[1] The district court explained that, while on supervised release, James could not "commit any federal, state, or local crimes," could not possess a firearm or a controlled substance, and was required to comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission. The standard conditions included that James could not use controlled substances. Additionally, the court imposed the following special conditions on his term of supervised release: "[u]rine surveillance; drug and/or alcohol treatment; and the model search condition." His supervised release commenced on November 15, 2019.

---

[1] James's offense of conviction carried a statutory maximum term of five years' imprisonment, and the district court was required to impose a term of supervised release of at least two years. *See* 21 U.S.C. §§ 841(b)(1)(D), 846. His applicable guidelines range was two to eight months' imprisonment, based on an offense level of 4 and a criminal history category of IV.

In December 2019, March 2020, and April 2020, James's probation officer filed three noncompliance reports that stated James's urine tested positive for marijuana in November 2019, January 2020, February 2020, and March 2020, respectively.  Additionally, the March 2020 report indicated that, on at least two occasions, James failed to report for his required substance abuse treatment program.  In each report, the probation officer recommended that James continue his term of supervised release, and each time the district court agreed with the recommendation.

In June 2020, the probation officer petitioned for revocation of James's supervised release and moved for a warrant for his arrest based on a belief that he had violated the term of his supervised release that he would not commit any other crime.  Specifically, the petition indicated that the Mobile Alabama Police Department had issued a warrant for James's arrest for second-degree domestic violence, a felony in the state of Alabama.  According to the probation office, James's ex-girlfriend contacted his probation officer on June 10, 2020 and reported multiple instances of domestic abuse between March and June 2020.  The probation officer directed her to contact the local police.  She did so and filed a report, based on an incident that occurred on June 8, 2020, where James allegedly "became angry, grabbed [his ex-girlfriend's] throat, and began to squeeze," before pushing her "to the floor and strangl[ing] her three more times."  Thereafter, he

pushed her down some stairs when she attempted to flee.  Following this report, the state issued a warrant for his arrest for domestic violence.

The probation officer explained that this violation was a "Grade B" violation and with James's criminal history category of IV, the resulting guideline range was 12 to 18 months' imprisonment.[2]  The statutory maximum that could be imposed for the violation of supervised release was 24 months' imprisonment.  The probation officer recommended that James's supervised release be revoked based on his continued violations, and that an 18-month term of imprisonment be imposed, followed by 18 months of supervised release.  The district court issued an arrest warrant based on the petition and James was arrested.

At a subsequent hearing, James admitted that the government could "make out a prima facie case" that he violated the terms of his supervised release, and he waived his right to a preliminary hearing.  Based on his admission and waiver, the district court found that James violated the terms and conditions of his supervised release.  The government requested that the district court impose an 18-month term

---

[2] The United States Sentencing Guidelines provide that a "Grade B" violation is any "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year."  U.S.S.G. § 7B1.1(a)(2).  The sentencing table for supervised release violations is set forth in U.S.S.G. § 7B1.4(a), and directs the court to determine the applicable guideline range based on the grade of the violation and the defendant's criminal history category as determined at the time of his sentencing to the term of supervision.  U.S.S.G. § 7B1.4 cmt. (n.1).  James's criminal history category was determined to be a IV at the time of his original sentencing.  The sentencing table provides that a Grade B violation with a criminal history category of IV results in a guidelines range of 12 to 18 months' imprisonment.  U.S.S.G. § 7B1.4(a).

of imprisonment, followed by 18 months' supervised release, based on James's repeated drug use violations and the domestic violence allegations against him. James's counsel asserted that the district court was required to impose a term of imprisonment under 18 U.S.C. § 3583,[3] based on James's admission to three positive drug tests, but it urged the court not to impose a sentence at the high end of the guidelines range and to consider imposing treatment for drug and domestic violence abuse.

The district court noted that the revocation petition was not based on the positive drug tests, but rather on the domestic violence allegations, so the court did not consider revocation statutorily mandatory. Nevertheless, the district court stated that it was "gravely concerned with the domestic violence aspect" of his violation, the allegations of which were "extremely serious." Thus, the district court explained that it deemed the government's recommendation an appropriate sentence. Accordingly, the court revoked James's supervised release and sentenced him to 18 months' imprisonment, followed by 18 months' supervised release. James did not object to the sentence. This appeal followed.

## II.    Discussion

---

[3] Section 3583(g)(4) provides that revocation of supervised release is mandatory if the defendant "as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the court of 1 year." 18 U.S.C. § 3583(g)(4).

5

James argues that his 18-month term of imprisonment is excessive because this was his first revocation, and the prior non-compliance reports were based on his battle with marijuana use for the past 10 years, as he started using marijuana at the age of 16. He maintains that he was trying to end his addiction by attending drug treatment, and that an imposition of drug and domestic violence treatment along with a sentence at the bottom or middle of the applicable guideline range would have been sufficient to achieve the purposes of sentencing.

We generally review a sentence imposed upon revocation of supervised release for reasonableness, applying a deferential abuse-of-discretion standard.[4] *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). We will "vacate the sentence if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)). The party who challenges the

---

[4] Although James asserts this his claim is subject to review only for plain error because he failed to object specifically to the reasonableness of the sentence, the Supreme Court recently clarified in *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020), that where, as here, a defendant advocates for a lesser sentence than is ultimately imposed, nothing more is required to preserve a claim that the sentence is substantively unreasonable.

sentence bears the burden of showing that the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court may, after considering certain factors in § 3553(a), revoke a defendant's supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). The factors the court must consider in sentencing a defendant after a revocation of supervised release include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence to deter criminal conduct, protect the public from the defendant's further crimes, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the sentencing guidelines range; (4) any pertinent policy statement; (5) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (6) the need to provide restitution to victims of the offense. See 18 U.S.C. §§ 3553(a) and 3583(e). The weight given to any § 3553(a) factor is a matter committed to the discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). "Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect [such a sentence] to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (alteration adopted and quotation omitted). Additionally, a sentence that is

7

below the statutory maximum is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

James failed to establish that the 18-month term of imprisonment for the supervised release violation is substantively unreasonable. James repeatedly violated the terms of his supervised release and, as the district court noted, the allegations of domestic violence which led to the revocation were very serious and depicted a pattern of abuse. Given the circumstances, James has failed to establish that the 18-month sentence lies "outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation omitted). Moreover, James's sentence is within the applicable guidelines range of 12 to 18 months' imprisonment and is below the statutory maximum of 24 months' imprisonment, which are both indicators of reasonableness. *Hunt*, 526 F.3d at 746; *Gonzalez*, F.3d at 1324. Accordingly, we conclude the sentence is substantively reasonable and affirm.

**AFFIRMED.**

8